W. C. LeBRUN, Judge pro tem.
Plaintiff appeals from a dismissal of his suit for damages growing out of a vehicular accident which occurred on April 4, 1971, on St. Claude Avenue near Lizardi Street. St. Claude Avenue at this point runs north and south, consists of three lanes on each side of the neutral ground and is superior to Lizardi Street.
Plaintiff testified that he had been proceeding on his motorcycle in a southerly direction on St. Claude Avenue at 30 to 35 miles per hour in the second traffic lane from the neutral ground. He saw defendant’s automobile stopped in the neutral ground when he was 30 to 40 feet away, but as he proceeded defendant mov.ed into St. Claude and into the second lane ahead of him. He applied his brakes but skidded into her right front fender.
Defendant testified that she had been stopped in the neutral ground of St. Claude Avenue at Lizardi intending to turn left and to stop on the right side of St. Claude Avenue, a short distance from the intersection. She waited for traffic to clear, made her left turn, and while in the turn with about half her car in the right lane her automobile was struck by the motorcycle which she admitted she never saw until the accident occurred. Her testimony was that she did not “know where the man came from.”
This accident happened on a clear, dry day at about 4:00 o’clock in the afternoon. The evidence which consisted only of the testimony of the parties compels the conclusion that defendant was negligent in failing to see what she should have seen and in leaving her place of safety from the neutral ground in the face of plaintiff’s oncoming motorcycle.
Defendant pleaded contributory negligence as a defense, alleging excessive speed on the part of plaintiff, and in this Court invokes the doctrine of last clear chance. Contributory negligence is an affirmative defense, the burden of proving which rests upon defendant. Defendant produced no evidence to support such defense. Furthermore, there was no evidence to support the plea of last clear chance because the only evidence is to the effect that defendant had just left the neutral ground and was still in the process of turning into St. Claude Avenue when she was struck by the plaintiff. Plaintiff did not have an opportunity to avoid this accident and consequently cannot be charged with any dereliction in failing to do so.
 Plaintiff’s left leg was injured in the collision and he sought emergency treatment at Mercy Hospital where X-ray photographs were taken and an ace bandage was applied. He testified that he suffered pain and disability for four or five weeks after the accident, used crutches during this period, applied hot soaks two or three times daily as prescribed by his physician and was prevented from working for two or three weeks after the accident. An award of $750 would reasonably compensate him for his pain and suffering. In addition, he is entitled to recover the hospital expense of $69.50, and an item for repairing his vehicle in the amount of $15.95. The judgment of the trial court is reversed and set aside, and it is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Wayne A. Stouff, and against defendant, Anna M. Phillips, in the sum of $835.45, with legal interest from date of judicial demand until paid and for all costs of these proceedings, including the cost of this appeal.
Reversed and rendered.